**Opinion issued July 30, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

NO. 01-25-00213-CR

NO. 01-25-00214-CR

————————————

**JAMES CLINTON COYLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 2nd 25th District Court**
**Colorado County, Texas**
**Trial Court Case Nos. 22-132, 22-133**

---

**MEMORANDUM OPINION**

James Clinton Coyle pled guilty to two charges of theft of between $2500 and $30,000[1] and entered into a plea agreement under which the trial court placed him on deferred adjudication community supervision for four years. In January 2025, the State moved to adjudicate Coyle's guilt in both cases, alleging he had violated multiple terms of his community supervision. After a hearing, the trial court granted the State's motions, adjudicated Coyle guilty, and sentenced him to two years in prison for the state-jail felony offense and eight years in prison for the third-degree felony offense, with the sentences to run concurrently.[2] Coyle timely appealed.

Coyle's appointed counsel has now filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Counsel states in his brief that he has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel's brief meets the *Anders* requirements because it presents a professional evaluation of the record and

---

[1]     One charge alleged that the victim was elderly, which elevated that charge to a third-degree felony. *See* TEX. PENAL CODE § 31.03(a), (b), (f)(3)(A). The other charge was a state-jail felony. *See id.* § 31.03(e)(4)(A).

[2]     *See id.* §§ 12.34, 12.35, 31.03(e)(4), (5), (f)(3)(A).

supplies this Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

Further, Coyle's counsel informed this Court that he mailed a copy of the motion to withdraw and *Anders* brief to Coyle and informed him of his right to access the appellate record and file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408–09.[3]

Coyle filed a pro se response to the *Anders* brief in each case.

The State filed a waiver of its right to file a response to the *Anders* briefs.

We have independently reviewed the entire record in this appeal. *See Mitchell*, 193 S.W.3d at 155. And we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

---

[3] Subsequently, this Court also notified Coyle at his last known address of his right to access the record and file a response and provided a form motion to access the record. *See Kelly v. State*, 436 S.W.3d 313, 321–22 (Tex. Crim. App. 2014).

We therefore affirm the judgment of the trial court and grant counsel's motion to withdraw.[4] *See* TEX. R. APP. P. 43.2(a). Attorney Gregory Sherwood must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guiney and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4] Appointed counsel still has a duty to inform Coyle of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id.* at 827 & n.6.